IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT WADE PLUMIER, as Son and
Personal Representative of the Wrongful Death Beneficiaries
of ROBERT WAYNE PLUMIER, Deceased,
and ESTATE OF ROBERT WAYNE PLUMIER, Deceased                    PLAINTIFFS

VERSUS                                CIVIL ACTION NO. 3:17-cv-713-DPJ-FKB

MISSISSIPPI DEPARTMENT OF CORRECTIONS;
SOUTH MISSISSIPPI CORRECTIONAL INSTITUTION;
WEXFORD HEALTH SOURCES, INC.;
JACQUELYN BANKS, in Her Individual and Official Capacity;
MARSHALL TURNER, in His Individual and Official Capacity;
BRENDA SIMS, in Her Individual and Official Capacity;
and JOHN OR JANE DOES 1 – 15, in Their Individual
and Official Capacities                                        DEFENDANTS

# FIRST AMENDED COMPLAINT

### [**JURY TRIAL DEMANDED**]

COME NOW the Plaintiffs, ROBERT WADE PLUMIER, as Son and Personal

Representative of the Wrongful Death Beneficiaries of ROBERT WAYNE PLUMIER, and the

ESTATE OF ROBERT WAYNE PLUMIER, DECEASED, by and through their attorney,

DOUGLAS L. TYNES, JR. of TYNES LAW FIRM, P.A., and would file this Complaint against

the Defendants named herein, and in support thereof present the following to wit:

### I.

### PARTIES

1.      Plaintiff, ROBERT WADE PLUMIER, is an adult resident citizen of South

Carolina, and Son of the Deceased, ROBERT WAYNE PLUMIER.  Robert Wade Plumier is

authorized to bring this action as the Son and a Wrongful Death Beneficiary of the Decedent,

Robert Wayne Plumier.  Further, Robert Wade Plumier is authorized to bring this action pursuant

to Miss. Code Ann. § 11-7-13 on behalf of the Wrongful Death Beneficiaries, who are more specifically Robert Wade Plumier, Son of the Decedent, Robert Wayne Plumier.  Plaintiff, ESTATE OF ROBERT WAYNE PLUMIER by and through the Administrator and Next Friend, ROBERT WADE PLUMIER.

2.      Defendant, MISSISSIPPI DEPARTMENT OF CORRECTIONS, is a political subdivision within the State of Mississippi, with the ability to sue and be sued, and which at all times relevant hereto employed yet unidentified John or Jane Does 1-15.  Defendant, Mississippi Department of Corrections, may be served with process in the time and manner provided by law.

3.      Defendant, SOUTH MISSISSIPPI CORRECTIONAL INSTITUTION, is a political subdivision within the State of Mississippi, with the ability to sue and be sued, and which at all times relevant hereto employed yet unidentified John or Jane Does 1-15.  Defendant, South Mississippi Correctional Institution, may be served with process in the time and manner provided by law.

4.      Defendant, WEXFORD HEALTH SOURCES, INC., is domestic corporation registered to do business in the State of Mississippi, and may be served with process by service on its registered agent, CORPORATION SERVICE COMPANY, 5760 I-55 North, Suite 150, Jackson, MS 39211.

5.      Defendant, JACQUELYN BANKS, in her individual and official capacity, is a Mississippi resident who may be served with process in the time and manner provided by law.

6.      Defendant, BRENDA SIMS, in her individual and official capacity, is a Mississippi resident who may be served with process in the time and manner provided by law.

7.      Defendant, MARSHALL TURNER, in his individual and official capacity, is a Mississippi resident who may be served with process in the time and manner provided by law.

8.    Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as JOHN OR JANE DOES 1-15, inclusive, and therefore sue these Defendants by such fictitious names and capacities.   Plaintiffs will amend this complaint to allege the true names and capacities of these John or Jane Does when ascertained.   Plaintiffs are informed and believe and on that basis, allege that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries and/or damages were proximately caused by the conduct of each such Defendant.

9.    As a matter of federal law, Defendant Mississippi Department of Corrections, is liable for its own actions, and the Mississippi Department of Corrections is liable for its actions as final policy makers.   As a matter of state law, Defendant Mississippi Department of Corrections is liable for its own actions and is vicariously liable for the actions of as yet unidentified Defendants John or Jane Does 1-15.   Also, as a matter of state law, Mississippi Department of Corrections is vicariously liable for the actions of its supervisors, employees and contractors at the South Mississippi Correctional Institution.

10.    At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to, and in reckless disregard for the constitutional rights and civil rights of Plaintiffs, and in particular the Decedent, Robert Wayne Plumier, and thereby did inflict, allow to be inflicted and failed to prevent the infliction of injuries suffered by Plaintiffs, all accomplished under color of law, and the Defendants are therefore liable unto Plaintiffs for the acts and omissions set out herein.   The injuries and damages to Plaintiffs, in addition to the deliberate acts pleaded herein, were readily foreseeable by each Defendant as the obvious consequence of their deliberate actions.   In other words, at all times pleaded herein it was clearly obvious to all Defendants that

3

the harm which occurred to Plaintiffs, and in particular the Decedent, Robert Wayne Plumier, would occur sooner or later to citizens of the State of Mississippi, absent remedial action on the part of the Mississippi Department of Corrections, acting through its agents and employees, who, despite its knowledge failed to act.

11.     Whenever and wherever reference is made in this complaint to any act by a Defendant and/or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## II.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. 1343(a)(3) (Civil Rights), the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and due to supplemental jurisdiction over the state law claims, and personal jurisdiction as the Defendants are residents or entities located within the jurisdiction of this Court.

13.     Venue in this case is proper in this Court pursuant to 28 U.S.C. § 1391, because the conduct, acts and/or omissions upon which this cause of action is based occurred in Jackson County, Mississippi, which is completely within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division, and this case involves federal questions of law.

## III.

## FACTS GIVING RISE TO CAUSE OF ACTION

14.     At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to,

4

and in reckless disregard for the constitutional rights of and the civil rights of the Decedent, Robert Wayne Plumier.

15.     At all times relevant hereto the Defendant, Wexford Health Sources, Inc. ("Wexford"), was contracted by the Mississippi Department of Corrections and/or the South Mississippi Correctional Institution to provide medical services to the inmates housed at the South Mississippi Correctional Institution.

16.     On or about April, 2012, Robert Wayne Plumier, the Decedent, was arrested and was detained.   After sentencing he was transferred for housing in the South Mississippi Correctional Institution.   Robert Wayne Plumier held the legal status of a "inmate" and had been convicted of the crime for which he had been arrested.

17.     Upon information and belief, Robert Wayne Plumier was known to the staff at the South Mississippi Correctional Institution, as he had been detained at the facility for over two years.

18.      From April, 2012, until October, 2014, Robert Wayne Plumier was an inmate at the South Mississippi Correctional Institution ("SMCI"), a part of the Mississippi Department of Corrections.  During the last five weeks of Mr. Plumier's confinement at SMCI, he began suffering from severe stomach pains and swelling in the abdomen.  Mr. Plumier sent several written requests to the employees of the SMCI.  In the written requests, Mr. Plumier notified the employees of SMCI of the severity of his symptoms and the problems he was having.  The unknown employees of SMCI deliberately ignored Mr. Plumier's requests for medical care.

19.     During the detention at SMCI, the Defendants failed and refused to provide Mr. Plumier with necessary medical treatment and refused and/or failed to allow him to see a doctor despite repeated requests by Mr. Plumier for medical treatment as his symptoms got

worse and there was a risk of potential death as a result of not getting his medical treatment.

20.    During Mr. Plumier's detention at the SMCI after his incarceration in April of 2012, the Defendants failed and refused to provide Mr. Plumier with the medical treatment that he needed.  Robert Wayne Plumier sent several written requests, otherwise known as "kites," to the proper employees of the SMCI and the Mississippi Department of Correction requesting medical treatment.  Further, Mr. Plumier notified the proper employees of the SMCI through prisoner request forms or "kites" of the possible deadly nature of his condition if he did not get medical treatment.  Defendants intentionally and willfully disregarded and ignored each such request and failed to provide Mr. Plumier with any medical treatment despite these requests and his debilitating and deteriorating condition.

21.    Upon information and belief, standard commonly accepted practice regarding inmates and detainees' health needs, traditionally consists of twice daily rounds by a nurse to deliver medication to the inmates.  However, no medical treatment was provided to Mr. Plumier.  Further, upon information and belief, the SMCI, the Mississippi Department of Corrections, and Wexford Health Sources, Inc. and their employees made a common practice of withholding medical treatment from inmates at the SMCI.

22.    Throughout Mr. Plumier's detention at the SMCI from April, 2012, until his release in October, 2014, he made continued efforts to obtain medical treatment, but his requests for medical care went unanswered by the Defendants, who intentionally and/or negligently failed and refused to provide the requested medical treatment or allow him any medical treatment whatsoever.

23.    The Defendants' actions show deliberate indifference to the medical and health related needs of Robert Wayne Plumier.  Further, the Defendants' actions and/or inactions

amounted to deliberate indifference to the health and medical needs of Robert Wayne Plumier. The denial of needed and necessary medical care and treatment to Mr. Plumier amounted to willful, wanton and intentional infliction of pain and suffering that constituted cruel and unusual punishment resulting in a gross deprivation of federal and state rights, privileges, protections, and immunities afforded to Mr. Plumier under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

24.     The Defendants' disregard for the health and well-being created a substantial risk of serious harm and/or risk of serious bodily injury or death and negligent, grossly negligent, and intentional infliction of pain and suffering to Mr. Plumier by the denial and/or delay of needed medical treatment and medication.

25.     On or about October 6 or 7, 2014, Robert Wayne Plumier was released from the SMCI and transported to Biloxi, Mississippi.  Mr. Plumier, still suffering for severe abdominal pains, immediately went to Biloxi Regional Hospital (now Merit Health Biloxi).  Mr. Plumier was immediately admitted into the hospital and diagnosed with a history of hepatitis C with liver cirrhosis and liver failure with fluid overload with abdominal swelling.  A chest x-ray showed findings of congestive heart failure with pulmonary edema.  Over the next twenty days Mr. Plumier's respiratory failure increased, among his other serious ailments that were left untreated while he was incarcerated, and his condition continued to deteriorate.  Eventually Mr. Plumier was placed on a ventilator as his medical condition deteriorated.  On October 27, 2014, Mr. Plumier died as a result of multi-organ failure.

26.     As a direct and proximate result of the acts and/or omissions of the Defendants, including certain unknown John or Jane Does 1-15, who are employees, operators, staff, agents, and/or contractors of the Mississippi Department of Corrections, South Mississippi

Correctional Institution, and/or Wexford Health Sources, Inc. the Plaintiff, Robert Wayne Plumier suffered significant injuries, that ultimately resulted in his death.

27.     Upon information and belief, in an attempt to conceal the nature of Mr. Plumier's health and lack of treatment for his serious medical conditions, the Mississippi Department of Corrections and the South Mississippi Correctional Institution discharged Mr. Plumier to avoid having to treat Mr. Plumier for his life threatening medical conditions.

28.     At all times during Robert Wayne Plumier's detention at the SMCI, the Defendants were acting under color of authority of the laws and regulations of the State of Mississippi and Federal law and pursuant to policies and procedures of the Mississippi Department of Corrections.

29.     Based on information and belief, Defendants had a policy in place that allowed its agents and employees to refrain from action and to act with deliberate, reckless, and callous indifference to the constitutional rights and other rights protected by law of individuals detained at the SMCI, thus directly causing the death of Robert Wayne Plumier.

30.     Upon information and belief, Defendants, as well as other unknown individuals labeled herein as John or Jane Does 1-15, intentionally violated the rights of Robert Wayne Plumier, Deceased.

31.     Defendants, and/or certain as yet unidentified John or Jane Does 1-15, and other employees or members of the Mississippi Department of Corrections or agents and/or employees, acting in the course and scope of their employment with the Defendants, engaged in a course of conduct that resulted in or caused a violation of the civil rights and wrongful death of Robert Wayne Plumier.  This conduct by Defendants, and/or certain as yet unidentified John or Jane Does 1-15, was the proximate and sole cause of the death of Robert Wayne Plumier,

8

Decedent, and the damages and losses sustained in this matter.

32.     Defendants and certain unknown John or Jane Does 1-15, and other employees, contractors, agents or representatives of the Defendants involved in the events described herein, were either directed or allowed by the policy makers to ignore the basic needs and medical care and treatment of Robert Wayne Plumier without repercussion in violation of state and federal law.

33.     The Mississippi Department of Corrections and its agents and or employees, created and maintained a culture, pattern and practice of ignoring inmates' and detainees' medical needs and requests for medical treatment in the South Mississippi Correctional Institution and violating inmates' and detainees' constitutional rights, both state and federal, which created policies, practices and procedures that led to the violation of the Mississippi and United States Constitutional rights of Robert Wayne Plumier, Deceased.

34.     Defendants, Marshall Turner, Brenda Sims, and Jaqueline Banks, were responsible for the hiring, firing, training, supervision, discipline, administration, policies, customs, practices, operations, management and control of the South Mississippi Correctional Institution, including the medical providers, and its deputies, jailers, and other employees, including Defendant Wexford Health Sources, Inc., and certain as yet unknown John or Jane Does 1-15.  As such, Defendants during their tenure and at the time of the matters herein complained of, were the final policy makers for the South Mississippi Correctional Institution and the Mississippi Department of Corrections in the areas of law enforcement, operation of the jail, maintaining qualified individuals to care for and look after the health, safety, and welfare of inmates and detainees of the SMCI, including making sure the medical needs of the inmates and

detainees are seen to, and employment, training, and supervision of deputies and other employees and/or contractors of the SMCI and the Mississippi Department of Corrections.

35.     Defendants, Wexford Health Sources, Inc., Marshall Turner, Brenda Sims, and Jaqueline Banks, failed to properly train, supervise, and discipline employees and contractors in the proper policies, customs, practices, operations, and management that were required by the laws and Constitutions of the State of Mississippi and the United States.

36.     Upon information and belief, Defendants had policies, practices or customs in place which caused, ratified and/or furthered the violation of Plaintiff's rights as described herein.  Plaintiff accordingly seeks redress under 28 U.S.C. § 1983 for Defendants' violations of Plaintiff's Eighth and Fourteenth Amendment rights.

37.     Defendants, Marshall Turner, Brenda Sims, and Jaqueline Banks, individually and in their official capacities, established customs, policies and practices that directly and proximately caused the deprivations of the civil and constitutional rights of Robert Wayne Plumier, Deceased, as alleged herein, and the damages, emotional and mental pain and distress, and suffering of Robert Wayne Plumier.

38.     Additionally, Defendants, Mississippi Department of Corrections, Jacquelyn Banks, Marshall Turner, Brenda Sims, and Wexford, had overall responsibility for the South Mississippi Correctional Institution.

39.     At all times pertinent herein the Defendants, each and all, acted willfully, maliciously, wantonly, unreasonably, recklessly, and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and civil rights of Robert Wayne Plumier, Deceased.

40.     The Defendants, acting individually and together, under color of law, engaged in a course of conduct and conspired together, to deprive Robert Wayne Plumier, Sr. of his rights under federal and state law.

41.     The Defendants acting individually and together, under color of law, engaged in a course of conduct that caused the emotional, mental and physical pain and suffering, wrongful death, and damages of Robert Wayne Plumier, Deceased, and violated his rights as guaranteed by the Eighth and Fourteenth Amendments of the Constitution of the United States.

42.     The Defendants are liable unto Plaintiffs jointly and severally for the wrongful acts complained of herein.

43.     Defendants, Mississippi Department of Correction, South Mississippi Correctional Institution, and Wexford Health Sources, Inc. are liable for the actions of Defendants, Marshall Turner, Brenda Sims, and Jacquelyn Banks, in their official and/or individual capacities, since they were vested with final policy making authority over the matters raised in this civil action.  Defendant, Mississippi Department of Corrections, is also liable for the actions of all other Defendants in their official and/or individual capacities as employees and/or contractors of the Mississippi Department of Corrections.

44.     Under the Doctrine of *Respondeat Superior*, Defendant Wexford Health Sources, Inc. is jointly and severally liable to the Plaintiffs of the severe bodily injuries, pain and suffering, mental anguish, loss of pecuniary value, emotional distress, and death of Robert Wayne Plumier, and all damages recoverable under law, caused by their employees, agents, and/or assigns.  During the time Mr. Plumier was at the SMCI the agents and/or employees of Wexford were operating and providing the medical needs of the inmates of SMCI, including Mr. Plumier, and were operating under their employer's or principal's guidance within the scope of

their employment or agency.  As a direct and proximate result of the unknown employees of Wexford employment or agency, which was the sole purpose for them being at the SMCI facility, giving medical care at the place of this tort, Defendant, Wexford Health Sources, Inc., under the Doctrine of *Respondeat Superior*, is liable vicariously, jointly and severally for the injuries and wrongful death suffered by Plumier, and all damages recoverable by law.

45.     The actions of the Defendants were willfully in violation of Plaintiff's federally protected rights, and said willful and reckless actions justify the imposition of punitive damages.

**IV.**
**CAUSES OF ACTION**

**COUNT ONE**

**EIGHTH AMENDMENT (Denial of Medical Care – Municipal Defendants)**

46.     Plaintiffs re-allege paragraphs 1 through 45 of this Complaint and incorporate them herein by reference.

47.     To the extent applicable herein, the Eighth Amendment to the United States Constitution's prohibition on cruel and unusual punishments prohibits conditions of confinement that pose unreasonable threats to the health of inmates and pre-trial detainees.  Defendants violated the rights of Robert Wayne Plumier, Deceased, through their deliberate and callous indifference to Mr. Plumier's serious medical condition and his basic needs and directly contributed to and/or caused Mr. Plumier's death.

48.     The Defendants, Mississippi Department of Corrections, South Mississippi Correctional Institution, and/or Wexford Health Sources, Inc. failed to adopt adequate policies and procedures to detect and respond to the obvious medical and physical health needs of

12

arrestees and inmates with known, demonstrable, and serious medical health disorders or conditions.

49.     The Defendants, Mississippi Department of Corrections, South Mississippi Correctional Institution, and/or Wexford Health Sources, Inc. failed to provide custodial officials with minimal training to detect and respond to the obvious medical and physical health needs of arrestees and inmates, including Mr. Plumier, with known, demonstrable, and serious medical health disorders or conditions.

50.     The Defendants, and their agents, servants and/or employees, knowingly and willfully failed to provide the necessities of life and medical assistance to Robert Wayne Plumier, an inmate, in a timely manner, thereby depriving Mr. Plumier of his civil rights secured by the Constitution and Laws of the United States as well as the Constitution and Laws of the State of Mississippi. This deprivation of Mr. Plumier's rights includes the Defendants' failure to provide adequate supervision, security, and the necessities of life, failure to provide necessary medical care and medication, and/or providing improper training and management of Defendants' agents, servants and employees. The Defendants knew, or should have known, of Mr. Plumier's medical condition and need for medical treatment, and disregarded an excessive risk to Mr. Plumier's health and safety, and showed deliberate indifference to Mr. Plumier's serious medical needs.

51.     Robert Wayne Plumier was never provided with medical treatment over a period in excess of a month while being incarcerated at the South Mississippi Correctional Institution, despite Mr. Plumier's repeated efforts and requests for medical treatment.  The Defendants and certain John or Jane Does 1-15, who upon information and belief are staff of the South Mississippi Correctional Institution and/or Wexford Health Sources, Inc. refused to help Mr.

Plumier and/or delayed in providing medical assistance to Mr. Plumier after he began having serious, debilitating stomach pains, which demonstrates deliberate and callous indifference on the part of the Defendants in all their actions and inactions that directly or proximately caused the death of Robert Wayne Plumier.  Defendants' failure to provide Mr. Plumier's medical treatment, their failure to provide any positive medical treatment to Mr. Plumier, and the Defendants' deprivation of the necessities of life constituted a course of medical care and treatment so clearly inadequate as to amount to refusal to provide essential care.

52.     Defendants and certain John or Jane Does 1-15, who upon information and belief are deputies, jailors, and/or medical healthcare providers of the SMCI, are individually liable as their actions, under color of the laws and regulations of the United States of America, the State of Mississippi, and Wexford Health Sources, Inc. were deliberately indifferent to a substantial risk of serious harm to the Decedent, Robert Wayne Plumier, and they are liable for punitive damages as their conduct constitutes reckless or callous indifference to the federally protected rights of Mr. Plumier and others.

53.     The governmental entity, Mississippi Department of Corrections, is also liable since the actions set forth hereinabove were carried out pursuant to the policies or customs of the Mississippi Department of Corrections, and said policies or customs were the moving force behind the constitutional violation of rights of Mr. Plumier and other detainees and inmates at the South Mississippi Correctional Institution. Mississippi Department of Corrections and Wexford Health Sources, Inc. are also liable for the actions of its requisite policymakers, who implemented the policies at issue, and who thus played a direct role in the death of Robert Wayne Plumier.

54.     The Defendants, Mississippi Department of Corrections, South Mississippi

Correctional Institution, and/or Wexford Health Sources, Inc., maintained a policy, practice, custom or usage which authorized and/or mandated and/or condoned and/or ratified the denial of medical health care to arrestees and inmates.

55.    The acts and omissions of the Defendants, Mississippi Department of Corrections, South Mississippi Correctional Institution, and/or Wexford Health Sources, Inc., manifested deliberate indifference to the rights of inmates, including the Decedent, Robert Wayne Plumier, with whom custodial officials came into contact.

56.    As a direct and proximate result of the acts and omissions of the Defendants, Mississippi Department of Corrections, South Mississippi Correctional Institution, and/or Wexford Health Sources, Inc., these Defendants violated Mr. Plumier's constitutional rights guaranteed under the Eighth and Fourteenth Amendments to adequate medical care and were the proximate cause of his death.

57.    As a direct a proximate result of the foregoing, Defendants deprived Robert Wayne Plumier of his rights and privileges as a citizen of the United States, and Defendants caused Mr. Plumier to suffer significant indignities, and to sustain shock and injury to his nervous system and person, and suffer injury and death, all of which has caused the general damages requested by Plaintiffs in a sum which will be proven at trial.

## COUNT TWO

### EIGHTH AMENDMENT
### (Denial of Medical Care - Individual Defendants and Wexford Health Sources, Inc.)

58.    Plaintiffs re-allege paragraphs 1 through 57 of this Complaint and incorporate them herein by reference.

59.    The individual defendants, Jacquelyn Banks, Marshall Turner, and Brenda Sims,

and Defendant, Wexford Health Sources, Inc., and its agents or employees, failed to provide Robert Wayne Plumier with adequate medical care and treatment.

60.   The individual defendants and Defendant, Wexford Health Sources, Inc., and its agents or employees were subjectively aware of a substantial risk of serious harm to Mr. Plumier, but through their acts and omissions manifested deliberate indifference towards him.

19.   As a direct and proximate result of the acts and omissions of the individual defendants and Defendant, Wexford Health Sources, Inc., Mr. Plumier's constitutional rights guaranteed under the Eighth and Fourteenth Amendments to adequate medical health care were violated and thus proximately caused Mr. Plumier's death.

20.   Plaintiffs pray for the following relief:

   a)  actual damages for future loss of income, medical expenses and funeral expenses;

   b)  hedonic damages for the loss of enjoyment of life which Mr. Plumier suffered;

   c)  compensatory damages for pain and suffering, emotional distress, mental anguish, inconvenience, humiliation, shame, loss of self-esteem, fear, and embarrassment which Mr. Plumier suffered;

   d)  compensatory damages to Mr. Plumier's wrongful death beneficiaries for loss of affection and companionship;

   e)  punitive damages against the individual Defendants;

   f)  reasonable attorney's fees; and

   g)  reasonable costs.

61.   As a direct a proximate result of the foregoing, Defendants deprived Robert Wayne Plumier, Deceased, of his rights and privileges as a citizen of the United States, and Defendants caused Mr. Plumier to suffer significant indignities, and to sustain shock and injury

16

to his nervous system and person, and suffer injury and death, all of which has caused the general damages requested by Plaintiffs in a sum that will be proven at trial.

62.     This cause arises under the Eighth and Fourteenth Amendments of the United States Constitution.

63.     The constitutional rights of Robert Wayne Plumier, Deceased, that were violated by the Defendants include the following:

> A.     Mr. Plumier's right to be free from cruel and unusual punishment pursuant to the protections of the Eighth Amendment; and
>
> B.     Mr. Plumier's right to the equal protection of the laws of the United States of America, pursuant to the Fourteenth Amendment.

64.     Defendants and the as yet unidentified John or Jane Does 1-15, conduct was undertaken under color of law and operated to deprive Robert Wayne Plumier, Deceased, of rights guaranteed by the United States Constitution as well as corresponding provisions of the Constitution of the State of Mississippi.

65.     As a direct and proximate result of the foregoing, Defendants deprived Robert Wayne Plumier, Deceased, of his rights and privileges as a citizen of the United States, and Defendants caused Mr. Plumier to suffer significant indignities, and to sustain shock and injury to his nervous system and person, and suffer injury and death, all of which caused the general damages requested by Plaintiffs in a sum which will be proven at trial.

## COUNT SIX

### (Civil Conspiracy and Neglect)

66.     Plaintiffs re-allege paragraphs 1 through 65 of this Complaint and incorporates them herein by reference.

67.     The Civil Rights Act of 1966, as amended, 42 U.S.C. §1985 and §1986, prohibits conspiracies to interfere with civil rights.

68.     Defendants violated 42 U.S.C. § 1985 in that they entered into an agreement and combined among themselves and/or with others to engage in unlawful conduct, i.e. depriving Robert Wayne Plumier of rights guaranteed to him under the Eighth and Fourteenth Amendments to the United States Constitution as well as corresponding provisions of the Constitution of the State of Mississippi.

69.     Defendants and the as yet unidentified John or Jane Does 1-15, violated 42 U.S.C. § 1986 in that they, having knowledge that wrongs conspired to be done or should have had knowledge of such wrongs and failed to prevent such wrongs, and mentioned in 42 U.S.C. § 1985, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected and refused to do so.

70.     Defendants have each done or have caused to be done acts in furtherance of this conspiracy whereby Robert Wayne Plumier, Deceased, was injured and deprived of rights guaranteed to him under the Eighth and Fourteenth Amendments to the United States Constitution as well as corresponding provisions of the Constitution of the State of Mississippi.

71.     Defendants and the as yet unidentified John or Jane Does 1-15, each had actual knowledge of the conspiracies to deprive Robert Wayne Plumier, Deceased, of his rights protected by 42 U.S.C. § 1985, or should have had knowledge, and each had the power and opportunity to prevent the violations from occurring and/or continuing to do so.

72.     However, no one else in a position of authority at the South Mississippi Correctional Institution did anything to thwart the conspiracy that deprived the Decedent of his

constitutional rights. Had any of the Defendants intervened, the decedent, Robert Wayne Plumier, would still be alive today.

73.     As a direct and proximate result of the foregoing, Defendants deprived Robert Wayne Plumier of his rights and privileges as a citizen of the United States, and Defendants, by and through their actions and/or inactions intentionally or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive the decedent, Robert Wayne Plumier, and other persons similarly situated, of equal protections of the laws of the United States and the State of Mississippi notwithstanding the fact that they possessed the authority, power, and ability to halt, annul, void, expose, intervene in, or stop the violations before they occurred. Consequently, these Defendants caused the decedent, Robert Wayne Plumier, to suffer significant indignities, pain and suffering, and to sustain shock and injury to his nervous system and person, and suffer injury and death, all of which caused the general damages requested by Plaintiffs in a sum which will be proven at trial.

## DAMAGES AND REMEDIES

74.     Plaintiffs re-allege paragraphs 1 through 73 of this Complaint and incorporate them herein by reference.

75.     As a direct and proximate result of the actions of these Defendants, Plaintiffs are entitled to damages in an amount to be determined at the trial of this action. As a result of the violation of the constitutional and other rights of Robert Wayne Plumier, Deceased, as set forth in this Complaint, Mr. Plumier and/or his wrongful death beneficiaries suffered the following injuries and damages:

(A)     Medical, doctor, hospital and related expenses;

(B)     Funeral and related expenses;

(C)     Decedent's pain and suffering;

(D)     Loss of income of the decedent for his anticipated life-expectancy;

(E)     Loss of companionship and consortium of the decedent for his anticipated life expectancy;

(F)     Mental and emotional distress;

(G)     Loss and/or diminution of decedent's estate;

(H)     Attorney fees and costs under 42 U.S.C. § 1988(b), plus pre-judgment and post-judgment interest; and

(I)     Any and all other damages available under federal and state law, in actions heretofore specified under the United States Constitution, the Mississippi Constitution, in wrongful death actions under federal and state law, including punitive and/or exemplary damages.

76.     The actions of the Defendants, and each of them, are malicious, unlawful, and/or so grossly negligent, and the Defendant's conduct involved such deliberate, callous and reckless indifference as to make these Defendants liable to the Plaintiffs for punitive damages. Likewise, the deliberate indifference of the Defendants rises to a level of gross negligence and should subject them to punitive damages.

77.     Plaintiffs allege that the injuries and death sustained by the Decedent, Robert Wayne Plumier, were permanent and have had significant consequences on the lives of Robert Wayne Plumier and his wrongful death beneficiaries.

78.     That the aforesaid damages to the Decedent, Robert Wayne Plumier, and his wrongful death beneficiaries were directly or proximately caused by the negligence, gross negligence, wanton and callous indifference, reckless disregard and/or malicious or intentional

20

acts of the Defendants, thus, the Plaintiffs are entitled to sue and recover damages proximately resulting therefrom, including compensatory damages, punitive damages, attorney's fees, pre-judgment and post-judgment interest, and such other relief as Plaintiffs may be entitled to under the laws of the State of Mississippi and the United States of America.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Robert Wade Plumier, as Son and Personal Representative of the Wrongful Beneficiaries of Robert Wayne Plumier, and the Estate of Robert Wayne Plumier, Deceased, demand judgment of and from the Defendants in an amount that will reasonably compensate Plaintiffs for injuries and/or damages and to punish Defendants in order to deter future wrongful conduct, with said damages to include compensatory damages , punitive damages of, attorney's fees and costs of these proceedings pursuant to 42 U.S.C. § 1988 and any other statute or common law, pre-judgment and post-judgment interest, and such other relief as Plaintiffs may be entitled to under the laws of the State of Mississippi and the United States of America, and any and all other relief this Honorable Court deems just, proper and equitable.

Date:  September 21, 2017.          Respectfully submitted,
                                    **ROBERT WADE PLUMIER, as Son and Personal**
                                    **Representative of the Wrongful Death Beneficiaries**
                                    **of ROBERT WAYNE PLUMIER, and the ESTATE**
                                    **OF ROBERT WAYNE PLUMIER, Deceased**


                                    BY: */s/Douglas L. Tynes, Jr.*
                                         DOUGLAS L. TYNES, JR. (MSB # 101921)
                                         Attorney for Plaintiffs

                                         Tynes Law Firm, P.A.
                                         525 Krebs Avenue (39567)
                                         Post Office Drawer 966
                                         Pascagoula, MS 39568-0966
                                         228.769.7736 Telephone
                                         228.769.8466 Facsimile
                                         monte@tyneslawfirm.com