IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT WADE PLUMIER,** *as Son and Personal Representative of the Wrongful Death Beneficiaries of Robert Wayne Plumier, Deceased,* **and ESTATE OF ROBERT WAYNE PLUMIER,** *Deceased* | § § § § § § § § | **PLAINTIFFS** |
| v. | § § § | Civil No. 1:18cv13-HSO-JCG |
| **MISSISSIPPI DEPARTMENT OF CORRECTIONS,** *et al.* | § § | **DEFENDANTS** |

### ORDER DENYING PLAINTIFFS' [38] MOTION FOR DISCOVERY ON LIMITED ISSUE OF QUALIFIED IMMUNITY, AND DENYING PLAINTIFFS' [39] MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANTS' [35] MOTION TO DISMISS

BEFORE THE COURT are Plaintiffs' Motion [38] for Discovery on Limited Issue of Qualified Immunity and Motion [39] for Extension of Time to File Response to Defendants' Motion [35] to Dismiss. After due consideration of the record and relevant legal authority, the Court finds that Plaintiffs' Motions [38], [39] are not well taken and will be denied.

Both of Plaintiffs' Motions [38], [39] relate to their request for limited discovery on qualified immunity in light of Defendants' pending Motion [35] to Dismiss Based on Eleventh Amendment Immunity, State Law Immunity, and Qualified Immunity. Defendants' Motion [35] was filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Defs.' Mem. in Supp. of Mot. [36] at 2-3.

1

"[W]hen deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint." *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008). Moreover, the United States Court of Appeals for the Fifth Circuit has held that, when a defendant asserts qualified immunity, any narrowly-tailored discovery on that issue "must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995).

The Court's resolution of Defendants' Motion [35] to Dismiss is limited to the pleadings, and discovery is not necessary for Plaintiffs to respond to a Rule 12(b)(6) motion. *See Sw. Bell Tel., LP*, 529 F.3d at 263. Nor can the Court permit any discovery on qualified immunity until the Court considers whether Plaintiffs' pleadings assert facts which, if taken as true, would overcome qualified immunity. *See Wicks*, 41 F.3d at 994.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs' Motion [38] for Discovery on Limited Issue of Qualified Immunity and Motion [39] for Extension of Time are both **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 7th day of March, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE