IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT WADE PLUMIER, *as Son and Personal Representative of the Wrongful Death Beneficiaries of Robert Wayne Plumier, Deceased*, and ESTATE OF ROBERT WAYNE PLUMIER, *Deceased* | § § § § § § § § | PLAINTIFFS |
| v. | § § § | Civil No. 1:18cv13-HSO-JCG |
| MISSISSIPPI DEPARTMENT OF CORRECTIONS, *et al.* | § § § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING [35] MOTION TO DISMISS AND DISMISSING PLAINTIFFS' CLAIMS AGAINST DEFENDANTS MISSISSIPPI DEPARTMENT OF CORRECTIONS, SOUTH MISSISSIPPI CORRECTIONAL INSTITUTION, JACQUELYN BANKS, MARSHALL TURNER, AND BRENDA SIMS

BEFORE THE COURT is the Motion [35] to Dismiss filed by Defendants Mississippi Department of Corrections, South Mississippi Correctional Institution, and Jacquelyn Banks, Marshall Turner, and Brenda Sims, in their individual and official capacities. After due consideration of the record and relevant legal authority, the Court finds that the Motion [35] to Dismiss should be granted, and Plaintiffs' claims against Defendants Mississippi Department of Corrections, South Mississippi Correctional Institution, and Jacquelyn Banks, Marshall Turner, and Brenda Sims in their official capacities should be dismissed without prejudice for lack of subject-matter jurisdiction. Plaintiffs' claims against Jacquelyn Banks,

Marshall Turner, and Brenda Sims in their individual capacities should be dismissed with prejudice.

I. BACKGROUND

A. Factual background

According to the First Amended Complaint [4], in April 2012, Robert Wayne Plumier ("Mr. Plumier") was arrested and detained by an unnamed law enforcement agency. 1st Am. Compl. [4] at 5. While the record is unclear as to the nature of the crime with which Mr. Plumier was charged, the parties do not dispute that Mr. Plumier was ultimately convicted of some crime and incarcerated in the custody of the Mississippi Department of Corrections ("MDOC"). After Mr. Plumier was sentenced, he was transferred to the South Mississippi Correctional Institution ("SMCI"), which is a facility of the MDOC. *Id.* Plaintiffs allege that Defendant Wexford Health Sources, Inc. ("Wexford") was contracted by the MDOC and/or SMCI to provide medical services to inmates housed at that facility. *Id.*

During his confinement at SMCI, at some point in or before early October 2014, Mr. Plumier began experiencing severe stomach pains and swelling in the abdomen. *Id.* Mr. Plumier allegedly sent several written requests to SMCI employees notifying them of the severity of his symptoms, but SMCI employees allegedly ignored his requests for medical care and failed to provide him with any medical treatment. *Id.* at 5-6.

On October 6 or 7, 2014, Mr. Plumier was released from SMCI and

2

transported to Biloxi, Mississippi. *Id.* at 7. Plaintiffs assert that Mr. Plumier was discharged from SMCI by Defendants in order to conceal the nature of his health condition and lack of treatment, and in order to avoid having to treat Mr. Plumier. *Id.* at 8.

Because he was still suffering from severe abdominal pains, Mr. Plumier immediately went to Biloxi Regional Hospital in Biloxi, Mississippi, where he was admitted and diagnosed "with a history of hepatitis C with liver cirrhosis and liver failure with fluid overload with abdominal swelling." *Id.* at 7. According to Plaintiffs, a chest x-ray revealed findings of congestive heart failure with pulmonary edema. *Id.* Mr. Plumier died on October 27, 2014, due to multi-organ failure. *Id.*

B. Procedural history

On August 31, 2017, Plaintiffs Robert Wade Plumier, as son and personal representative of the wrongful death beneficiaries of Mr. Plumier, and the Estate of Mr. Plumier, filed a Complaint [1] in this Court, followed by a First Amended Complaint [4] on September 21, 2017. The First Amended Complaint [4] asserts claims under 42 U.S.C. §§ 1983, 1985, and 1986 against Defendants MDOC, SMCI, Wexford, and Jacquelyn Banks ("Ms. Banks"), Marshall Turner ("Mr. Turner"), and Brenda Sims ("Ms. Sims") in their official and individual capacities.

Counts One and Two advance claims for violations of the Eighth Amendment to the United States Constitution based upon the purported denial of medical care

3

to Mr. Plumier.[1]  1st Am. Compl. [4] at 12-17.  Count Three, which is erroneously numbered Count Six, raises civil conspiracy and neglect claims under 42 U.S.C. §§ 1985 and 1986.  *Id.* at 17-19.

MDOC, SMCI, Ms. Banks, Mr. Turner, and Ms. Sims have filed a Motion [35] to Dismiss based upon Eleventh Amendment immunity, state law immunity, and qualified immunity.  Defendants ask the Court to dismiss all claims asserted against them with prejudice.  Mot. [35] at 2.

In response, Plaintiffs concede that the claims against MDOC, SMCI, and Ms. Banks, Mr. Turner, and Ms. Sims in their official capacities should be dismissed.  Pls.' Mem. [43] at 5.  As for the § 1983 claims against Ms. Banks, Mr. Turner, and Ms. Sims in their individual capacities, Plaintiffs argue that the individual Defendants are not entitled to qualified immunity.  *Id.* at 6-19.  To the extent the Court determines that more detailed allegations are necessary to survive the Motion to Dismiss, Plaintiffs "concede to a dismissal, without prejudice, until such time as the facts and circumstances become known to the Plaintiffs regarding the specific testimony of the individual Defendants."  *Id.* at 12-13; *see also id.* at 13, 14.  However, at the end of their Memorandum, Plaintiffs state that in the event the Court finds that the First Amended Complaint fails to state a claim for relief,

---

[1] The title of Count One reads as follows: "**EIGHTH AMENDMENT (Denial of Medical Care – Municipal Defendants)**."  1st Am. Compl. [4] at 12.  The First Amended Complaint does not define "Municipal Defendants," and it is unclear against whom this claim is directed.  Count Two is titled "**EIGHTH AMENDMENT (Denial of Medical Care – Individual Defendants and Wexford Health Sources, Inc.)**."  *Id.* at 15.  In sum, it appears that Plaintiffs are asserting a claim against all Defendants for violations of the Eighth Amendment.

4

they seek leave to amend their pleadings. *Id.* at 19. Plaintiffs, who are represented by counsel, have not attached a proposed amended pleading for the Court's review.

II. DISCUSSION

A. Plaintiffs' claims against MDOC, SMCI, and Ms. Banks, Mr. Turner, and Ms. Sims in their official capacities will be dismissed without prejudice.

Defendants argue that Plaintiffs' claims against MDOC, SMCI, and Ms. Banks, Mr. Turner, and Ms. Sims in their official capacities are barred by the Eleventh Amendment to the United States Constitution, such that these Defendants are immune from suit. Defs.' Mem. [36] at 3. Plaintiffs concede that the claims against MDOC, SMCI, and Ms. Banks, Mr. Turner, and Ms. Sims in their official capacities, should be dismissed. Pls.' Mem. [43] at 5. The Court will grant this portion of the Motion [35] to Dismiss as unopposed.

Defendants seek dismissal of Plaintiffs' claims with prejudice, while Plaintiffs ask that their claims be dismissed without prejudice. Because Defendants' Motion to Dismiss these particular Defendants implicates the Court's subject-matter jurisdiction under the Eleventh Amendment, Plaintiffs' claims against MDOC, SMCI, and Ms. Banks, Mr. Turner, and Ms. Sims in their official capacities should be dismissed without prejudice for lack of subject-matter jurisdiction. *See Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188-89 (5th Cir. 1986) (holding that dismissal of a case based upon Eleventh Amendment immunity is for lack of subject-matter jurisdiction and would be without prejudice).

5

B.  Plaintiffs' claims against Ms. Banks, Mr. Turner, and Ms. Sims in their individual capacities will be dismissed with prejudice.

1. Federal Rule of Civil Procedure 12(b)(6)

Defendants seek dismissal of Plaintiffs' claims against Ms. Banks, Mr. Turner, and Ms. Sims in their individual capacities pursuant to Federal Rule of Civil Procedure 12(b)(6) and on grounds of qualified immunity. When considering a motion to dismiss pursuant to Rule 12(b)(6), a claim should be dismissed when a plaintiff has not alleged enough facts to state a claim for relief that is plausible on its face. *See Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *See Shakeri*, 816 F.3d at 290.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual contentions, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) (quotation omitted).

2. Qualified Immunity

Qualified immunity is an immunity from suit rather than a mere defense to liability, and the United States Supreme Court has stressed the importance of resolving immunity questions at the earliest possible stage in litigation. *Pearson v.*

6

*Callahan*, 555 U.S. 223, 231-32 (2009). Qualified immunity shields officials from money damages "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

Under § 1983, supervisory officials are not liable for the actions of subordinates based upon a theory of vicarious liability. *Thompson v. Upshur Cty., TX*, 245 F.3d 447, 459 (5th Cir. 2001) (quotation omitted). A supervisor not personally involved in the acts that deprived an individual of constitutional rights may be held liable under § 1983 if he or she implements unconstitutional policies that causally result in the constitutional injury. *Gates v. Texas Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). A supervisor can be found liable under § 1983 if: (1) the supervisor failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to train or supervise and the alleged violation of rights; and (3) the failure to train or supervise constituted deliberate indifference to the individual's constitutional rights. *Id.*

"Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." *Id.* Therefore, a plaintiff must generally demonstrate at least a pattern of similar violations, and the inadequacy of training "must be obvious and obviously likely to result in a constitutional violation." *Id.*

3. <u>Plaintiffs' § 1983 claims against Defendants in their individual capacities</u>

According to the First Amended Complaint, Ms. Banks, Mr. Turner, and Ms. Sims are supervisory officials responsible for the hiring, firing, training, supervision, discipline, administration, policies, customs, practices, operations, management, and control of SMCI, *see* 1st Am. Compl. [4] at 9, and "had overall responsibility" for that facility, *id.* at 10. In raising claims pursuant to 42 U.S.C. § 1983, the First Amended Complaint [4] generally refers to all "Defendants" together, without delineating which of the individual Defendants engaged in particular conduct. *See id.* at 12-17. As a threshold matter, conclusory allegations lumping all "Defendants" together are insufficient to state a claim against Ms. Banks, Mr. Turner, or Ms. Sims in their individual capacities, or to overcome their qualified immunity. *See Morgan*, 659 F.3d at 384.

In addition, there are no factual contentions in the First Amended Complaint [4] indicating that Ms. Banks, Mr. Turner, or Ms. Sims affirmatively participated in the acts that led to Mr. Plumier's alleged constitutional harms, or that these Defendants were otherwise personally involved in them. It appears that Plaintiffs may be seeking to hold Ms. Banks, Mr. Turner, and Ms. Sims liable on a *respondeat superior* basis, even though they maintain that they "have not alleged *respondeat superior* liability with regard to these Defendants," and concede to dismiss any and all allegations of liability on the theory of *respondeat superior*. Pls.' Mem. [43] at 14. To the extent Plaintiffs seek to impose vicarious liability on the individual Defendants for the actions of their subordinates, Plaintiffs have failed to state a

8

claim against Ms. Banks, Mr. Turner, and Ms. Sims in their individual capacities under § 1983. *See Thompson*, 245 F.3d at 459.

As for their own conduct, the First Amended Complaint [4] alleges that Ms. Banks, Mr. Turner, and Ms. Sims "were responsible for the hiring, firing, training, supervision, discipline, administration, policies, customs, practices, operations, management and control of [SMCI]" and were "final policy makers" for SMCI and the MDOC in maintaining qualified individuals to care for the health, safety, and welfare of the inmates at SMCI. 1st Am. Compl. [4] at 9. However, the First Amended Complaint [4] contains only conclusory assertions that Ms. Banks, Mr. Turner, and Ms. Sims "failed to properly train, supervise, and discipline employees and contractors in the proper policies, customs, practices, operations, and management that were required by the laws and Constitutions of the State of Mississippi and the United States" and that they "established customs, policies and practices that directly and proximately caused the deprivations of the civil and constitutional rights of [Mr. Plumier]." *Id.* at 10.

Such conclusory allegations are insufficient to state a claim for relief against Ms. Banks, Mr. Turner, and Ms. Sims and overcome their qualified immunity based upon a theory of failure to train or supervise. The First Amended Complaint [4] does not contain sufficient factual allegations to show that, as supervisors, Ms. Banks, Mr. Turner, or Ms. Sims failed to train or supervise the officers involved, that there was a causal connection between any alleged failure to train or supervise and the alleged violation of Mr. Plumier's rights, or that the failure to train or

9

supervise constituted deliberate indifference to Mr. Plumier's constitutional rights. *See Thompson*, 245 F.3d at 459. The factual allegations contained in the First Amended Complaint [4] are insufficient to state a claim under § 1983 as to Ms. Banks, Mr. Turner, and Ms. Sims in their individual capacities, and are likewise insufficient to overcome their qualified immunity. Plaintiffs' § 1983 claims against Ms. Bank, Mr. Turner, and Ms. Sims in their individual capacities should be dismissed.

4. <u>Plaintiffs' claims under 42 U.S.C. §§ 1985(3) and 1986</u>

The First Amended Complaint [4] also advances claims under 42 U.S.C. §§ 1985 and 1986. Plaintiffs' pleadings do not cite a specific subsection of 42 U.S.C. § 1985, but it appears they seek to raise a claim against Defendants under § 1985(3). To state a claim under § 1985(3),

> a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994). In addition, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000). A valid § 1985 claim is a prerequisite to a § 1986 claim. *Bryan*, 213 F.3d at 276.

The First Amended Complaint [4] sets forth no claim of any race or class-based animus behind Defendants' alleged conspiracy. Without an allegation of

10

some racial or class-based, invidiously discriminatory animus behind the conspirators' conduct, Plaintiffs cannot state a claim under 42 U.S.C. § 1985(3). *See Griffin*, 403 U.S. at 102; *Bryan*, 213 F.3d at 276. "Having failed to demonstrate a claim under § 1985, by definition [Plaintiffs] cannot sustain a claim under § 1986." *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (citation omitted). Plaintiffs' claims under 42 U.S.C. §§ 1985(3) and 1986 will be dismissed.

> 5. <u>Dismissal of Plaintiffs' individual capacity claims under 42 U.S.C. §§ 1983, 1985, and 1986 with prejudice</u>

The parties disagree as to whether the dismissal of Plaintiffs' claims against Ms. Banks, Mr. Turner, and Ms. Sims in their individual capacities for failure to state a claim should be with or without prejudice. *See, e.g.,* Defs.' Reply [44] at 2; Pls.' Mem. [43] at 13-14; Defs.' Mem. [36] at 17. "The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (quotation omitted); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1009 (2018), *reh'g denied*, 138 S. Ct. 1588 (2018) (holding that district court did not abuse its discretion by refusing the plaintiffs' request to a file a third amended complaint and by dismissing the plaintiffs' federal claims with prejudice under Rule 12(b)(6)); *see also* Fed. R. Civ. P. 41(b)("a dismissal under subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits"). As discussed below, the Court finds that Plaintiffs

11

should not be allowed leave to amend their Amended Complaint [4], and the Court finds that Plaintiffs' claims under § 1983, § 1985, and § 1986 against Ms. Banks, Mr. Turner, and Ms. Sims in their individual capacities should be dismissed with prejudice.

C. <u>Plaintiffs' request to amend</u>

Plaintiffs' Memorandum contains a passing statement that, in the event the Court finds the First Amended Complaint fails to state a claim for relief, Plaintiffs seek leave to amend their pleadings. Pls.' Mem. [43] at 19. Plaintiffs have not filed a formal motion to amend, nor have they attached a proposed amended complaint. *See* L.U. Civ. R. 7(b) ("Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule."); *see also* L.U. Civ. R. 7(b)(2) ("If leave of court is required under Fed. R. Civ. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading . . . ."); L.U. Civ. R. 15 (same).

Even if the Court were to consider Plaintiffs' request to amend on its merits, it would be denied. Federal Rule of Civil Procedure 15(a)(2) states that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While the language of Rule 15(a)(2) "evinces a bias in favor of granting leave to amend," *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quotation omitted), a district court should consider five factors to determine whether to grant a party such leave: 1) undue delay; 2) bad faith or dilatory motive; 3) repeated

12

failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment, *id*. An amendment is considered futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000) (emphasis added).

In this case, Plaintiffs have already filed one amended complaint, and they have not supplied the Court with a proposed second amended complaint, making it impossible for the Court to assess whether any such pleading would state a claim against the individual Defendants sufficient to overcome their qualified immunity. Nor have Plaintiffs explained what additional facts they could allege in any second amended complaint that would be sufficient to overcome qualified immunity. "[A] bare bones motion to amend remains futile when it fails to apprise the district court of the facts that [a plaintiff] would plead in an amended complaint." *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 687 (2018) (quotation omitted). Based upon a consideration of the relevant factors, Plaintiffs' request for leave to amend is futile and should otherwise be denied.

III. CONCLUSION

The Motion [35] to Dismiss filed by MDOC, SMCI, and Ms. Banks, Mr. Turner, and Ms. Sims in their individual and official capacities will be granted. Plaintiffs' claims against MDOC, SMCI, and Ms. Banks, Mr. Turner, and Ms. Sims in their official capacities will be dismissed without prejudice for lack of subject-matter jurisdiction. Plaintiffs' claims against Ms. Banks, Mr. Turner, and Ms.

13

Sims in their individual capacities will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [35] to Dismiss filed by Defendants Mississippi Department of Corrections, South Mississippi Correctional Institution, Jacquelyn Banks in her individual and official capacities, Marshall Turner in his individual and official capacities, and Brenda Sims in her individual and official capacities, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' claims against Defendants Mississippi Department of Corrections, South Mississippi Correctional Institution, Jacquelyn Banks in her official capacity, Marshall Turner in his official capacity, and Brenda Sims in her official capacity are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' claims against Defendants Jacquelyn Banks in her individual capacity, Marshall Turner in his individual capacity, and Brenda Sims in her individual capacity are **DISMISSED WITH PREJUDICE**.

Plaintiffs' claims against Defendant Wexford Health Sources, Inc. will proceed.

**SO ORDERED AND ADJUDGED**, this the 10th day of September, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE